O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN, APRIL LENAI;<br>DEAN FAMILY TRUST,<br><br>                 Plaintiffs,<br><br>  v.<br><br>PEOPLE'S CHOICE LENDING; SELECT PORTFOLIO SERVICING INC.; JP MORGAN CHASE BANK, M.A., ET AL.; and all other Persons claiming any legal or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described Complaint Adverse to Plaintiff's Title Thereto; and DOES 1 through 50, Inclusive,<br><br>                 Defendants. | Case No.: 2:23-cv-05574-MEMF-AFM<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE AND MOTION TO REMAND [ECF NOS. 11, 12]** |

    Before the Court are a Request for Judicial Notice (ECF No. 12) and a Motion to Remand (ECF No. 11) jointly filed by Defendants Select Portfolio Services, Inc.; National Default Servicing Corporation; and U.S. Bank National Association as trustee successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank, National Association as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE5 Trust. For the

reasons stated herein, the Court GRANTS the Request for Judicial Notice and GRANTS the Motion to Remand.

## BACKGROUND

### I. Factual Background[1]

Plaintiff Dean Family Trust ("DFT") is the legally registered owner of a property in Carson, California (the "Property"). FAC ¶ 2. Plaintiff Dean, April Lenai ("Dean," or collectively with DFT, "Plaintiffs") is an individual and owns the Property as grantor trustee. *Id.* ¶ 1.

Defendant People's Choice Home Loan, Inc. ("PCHL") is an entity with an address in Irvine, California. *Id.* ¶ 3. Defendant JP Morgan Chase Bank, N.A. ("Chase") is an entity with an address in Columbus, Ohio, and a local office in Los Angeles, California. *Id.* ¶ 4. Defendant Select Portfolio Servicing, Inc. ("SPS") is a corporation headquartered in Utah with a local office in Los Angeles, California. *Id.* ¶ 5. Defendant U.S. Bank Global Securities and Trust Services/WMABS 2006-HES a/k/a U.S. Bank Global Corporate Trust ("USBGCT") is an entity with an address in Saint Paul, Minnesota. *Id.* ¶ 6. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation incorporated in Delaware and headquartered in Virginia. *Id.* ¶ 7. Defendant Timothy O'Brien ("O'Brien") is an individual and is Chief Executive Officer of SPS. *Id.* ¶ 8. Defendant Steve Brooks ("Brooks") is an individual and is an Executive Director of Chase. *Id.* ¶ 9. Defendant National Default Servicing Company ("NDSC") is a corporation incorporated in Arizona and headquartered in Arizona. *Id.* ¶ 10. Defendant Ashley Griffiths ("Griffiths") is an individual and is Assistant Secretary of MERS. *Id.* ¶ 11.

In 2006, Dean executed a deed of trust with PCHL as to the Property. *See id.* ¶ 27. Chase later claimed to be the services of the loan purportedly created by that deed of trust. *See id.* ¶ 28. In 2015, Chase and SPS convinced Dean to execute a loan modification. *See id.* ¶ 29. Chase, SPS, and various other defendants used deceptive practices in attempts to collect money from Dean. *See id.* ¶¶

---

[1] The following factual background is derived from the allegations in Plaintiff Dean, April Lenai's First Amended Complaint *See* ECF No. 1 at 18–54 ("FAC"). The Court makes no finding on the truth of these allegations and includes them only as background.

2

30–33. The property was not under foreclosure at the time the FAC was filed, but NDSC notified Dean on SPS's behalf that foreclosure was imminent if Dean did not make a payment. *See id.* ¶ 18.

## II. Procedural History

Plaintiffs filed suit in Los Angeles County Superior Court on August 7, 2020. *See* ECF No. 12-1. Plaintiffs filed their FAC in Los Angeles County Superior Court on September 29, 2020. *See* FAC. The FAC asserts six causes of action: (1) adverse possession; (2) fraud; (30 recission; (4) quiet title; (5) unfair competition; and (6) breach of contract. *See* FAC. Plaintiffs removed to this Court on July 11, 2023. ECF No. 1.

SPS, NDSC, and U.S. Bank National Association as trustee successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank, National Association as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE5 Trust ("USBNA") filed the instant Motion to Remand on August 10, 2023. ECF No. 11 ("Motion" or "Mot."). SPS, NDSC, and USBNA (the "Loan Defendants") also filed a Request for Judicial Notice on August 10, 2023. ECF No. 12 ("RJN").

Plaintiffs have not filed any opposition to the Motion to Remand or Request for Judicial Notice. Plaintiffs have not made any other filings since the Loan Defendants filed the Motion to Remand and Request for Judicial Notice.

The Court held a hearing on the Motion on January 10, 2024. In advance of the hearing, the Court shared a tentative ruling with the parties via email. Plaintiffs did not appear at the hearing. The Loan Defendants indicated at the hearing that they wished to submit to the Court's tentative ruling.

## REQUEST FOR JUDICIAL NOTICE (ECF No. 12)

## I. Applicable Law

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

## II. Discussion

The Loan Defendants request that the Court take judicial notice of nine documents. *See* RJN, *see also* ECF No. 12-1 (the documents). All of these documents are items from the Los Angeles County Superior Court, prior to the removal of this action. They are: (1) the initial complaint; (2) the FAC; (3) a tentative ruling, publicly available from the court's website, issued in advance of a hearing set for December 1, 2020; (4) a judgment of dismissal as to SPS, MERS, NDSC, and USBNA; (5) a request for dismissal as to Chase; (6) a request for dismissal as to Does 1 through 50; (7) a request for dismissal as to any and all unnamed persons; (8) a request for entry of default as to PCHL; and (9) a minute order dated June 6, 2022. *See* ECF No. 12-1.

The Court finds it appropriate to take judicial notice of all of these documents. Their existence and authenticity can be "readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). The Court will take judicial notice of the fact that these documents exist and their contents, but not of any disputed issues of fact contained within the documents. *See Lee*, 250 F.3d at 690.

The Request for Judicial Notice (ECF No. 12) is GRANTED.

## MOTION TO REMAND (ECF No. 11)

### I.   Applicable Law

"Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court only if the federal court has subject matter jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. Only a defendant—not a plaintiff—may remove an action. *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017–18 (9th Cir. 2007) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–08 (1941)).

There are different possible deadlines for a defendant to remove, depending on the circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts

apparent from the face of the complaint," then the defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the defendant need not immediately remove, and instead must remove "within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)).

If another party subsequently challenges the removal, the burden is on "the proponent of federal jurisdiction" to prove that removal is proper. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

## II. Discussion

The Loan Defendants raise four arguments as to why the action should be remanded: (1) as a plaintiff, Dean had no right to remove; (2) the removal was untimely; (3) the notice of removal fails to demonstrate a basis for subject matter jurisdiction; and (4) the state court has entered judgment, making remand inappropriate. *See* Mot. The Court finds that Dean indeed did not have any right to remove as a plaintiff, and further finds that even if Dean had such a right, Dean has not met her burden of showing that removal was timely. The Court need not reach the other arguments. The action shall be remanded.

First, a plaintiff has no right to remove an action that the plaintiff chose to file in state court. The removal statute gives a "*defendant* or *defendants*" the right to remove an action and gives no such right to a plaintiff. *See* 28 U.S.C § 1446(a) (emphasis added). In considering this provision, the Ninth Circuit has held that even if cross claims are brought against the initial plaintiff (making that party a "plaintiff/cross-defendant"), the initial plaintiff still has no right to remove an action. *See Progressive West*, 479 F.3d at 1017–18. This is based on the Supreme Court's "longstanding rule" against removal by a plaintiff, which the Supreme Court applied even after counterclaims were brought against the initial plaintiff. *See id.* (citing *Shamrock*, 313 U.S. at 107–08). Although *Progressive West* considered removal of a class action (which this is not), nothing in *Progressive West* or *Shamrock* suggests that this rule is limited to class actions. Further, although both of these cases considered situations where claims had been brought against the initial plaintiff, neither

suggests that absent such facts, the initial plaintiff would have had a right to remove.[2] The Court finds that because Dean filed suit in state court, she had no right to remove. This alone is sufficient to grant the motion.

Second, even if Dean had a right to remove, her removal was not timely. As discussed in more detail above, the deadline to remove the action was either: (A) 30 days after service, if the complaint made federal jurisdiction facially obvious; or (B) 30 days after the removing party received an "an amended pleading, motion, order or other paper" from which that party ascertained that removal was proper. *See Harris*, 425 F.3d at 692–93. Here, under either rule, removal was untimely. Dean filed suit in state court in August of 2020, and removed to this Court in July of 2023. There is no indication in any evidence before the Court that this removal was within 30 days after service of any defendant.[3] Nor has Dean pointed to any "amended pleading, motion, order or other paper" from which she recently ascertained that removal was proper. *See* ECF No. 1 (Notice of Removal). The removal was thus untimely.[4]

Because the removal was improper and untimely, the Court need not reach the Loan Defendants' other arguments. The Motion to Remand is GRANTED.

## CONCLUSION

For the reasons stated herein, the Court ORDERS as follows:

1. The Request for Judicial Notice (ECF No. 12) is GRANTED.

---

[2] The fact that claims were brought against the initial plaintiffs in both *Progressive West* and *Shamrock* created a colorable argument that the plaintiff should be treated as a defendant, which both courts ultimately rejected. Here, with this guidance in mind, the Court sees no reason whatsoever that Dean would have a right to remove. In other words, the factual distinction that no claims have been brought against Dean (unlike both *Progressive West* and *Shamrock*) gives Dean *even less* right to remove, not more.

[3] Even if it had been less than 30 days after Dean served the last defendant, it is not clear that this would make removal timely. The statute does not contemplate that a *plaintiff* will remove 30 days after serving a defendant. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.")

[4] As the Loan Defendants note, the removal statute also states that if removal is based on diversity of citizenship, removal is never allowed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). This could provide an additional reason to find removal untimely. But it is not clear that Dean's removal was based on diversity of citizenship, and the Court need not reach this question.

2. The Motion to Remand (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

Dated: January 10, 2024

                                      MAAME EWUSI-MENSAH FRIMPONG

                                            United States District Judge